**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MITCHELL LEE VARNELL, | No. 17-35096 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05443-BHS-DWC |
| v. | |
| KENNETH SAWYER; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Washington state prisoner Mitchell Lee Varnell appeals pro se from the

district court's order denying his motion for a preliminary injunction in his 42

U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs.

We have jurisdiction under 28 U.S.C. § 1292(a). We review for an abuse of

_____

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion. *Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion by denying Varnell's request for mandatory injunctive relief seeking transportation to medical appointments in a car with cushioned seats because Varnell failed to establish that he is likely to succeed on the merits of his claim alleging deliberate indifference to his back injury. *See id.* (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160-61 (9th Cir. 2011) (mandatory injunctions are not generally granted unless "extreme or very serious damage will result" (citation and internal quotation marks omitted)); *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We lack jurisdiction to review the district court's denial of Varnell's request for injunctive relief seeking pain medication and surgery.

We do not consider issues not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.

17-35096

*See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**